## GUSTAVUS KUTTER *v.* ABRAHAM BUCKOUT.

### *Error from Marshall County.*

In opposition to a motion to confirm a sale of mortgaged lands, it was shown that one of the appraisers never had been married, was not.the head of a family, but owned and did business in a part of his storehouse, and resided with a family living in the other part.  *Held*, that he was a householder within the meaning of § 444, Civil Code.

*It seems* that where irregularity in a sale of real estate is complained of, it is proper to examine affidavits setting forth the proceedings.  Especially • is this the case where the officer's return is not contradicted therein.   .

The facts of the case sufficiently appear in the opinion of the court.

*J. D. Brumbaugh*, for plaintiff in error.

*G. W. Glick*, for defendant in error.

For the plaintiff, it was submitted:

1. The sheriff's return, showing the appraisers to have been householders and residents of the county, was conclusive.  *Koehler v. Ball, Kans. R.; 2 Ohio R.*, 360; 15 *U. S. Dig.*, 498; 4 *Mass.*, 478; 10 *id.*, 313;

11 *id.*, 163 ; 17 *id.*, 433 ; 24 *Mo.*, 590 ; 7 *Pick.*, 555 ; 19 *Maine*, 278 ; 6 *N. H.*, 393 ; 8 *Pick.*, 204.

2. The return being regular on its face, the motion to confirm should have been granted. § 449 *Civil Code, Comp. L.*, 199.

3. But Warren, the appraiser against whose qualifications objection is brought, was a householder within the meaning of § 444 Civil Code. This word should be construed in reference to the statute containing it. *See Worcester's Dic.*, 699 ; 1 *Chitty's Blckstn.*, 276, *n.* 50 ; 3 *Jacob's Law Dic. ; Barn. & Cressw. R.*, 178.

For the defendant, by *G. W. Glick*, it was contended :

1. It was the duty of the court to examine the proceedings of the sheriff, and to ascertain if he had in fact complied with the statute. (§ 449 *Civil Code, Comp. L., p.* 199.) Under this section the court had a discretionary power. *Craig et al.* v. *Fox*, 16 *Ohio*, 563 ; *Hay* v. *Scherly*, 7 *id.*, 373 ; *Ohio Code, note* 354.

2. The court below had a right to determine the question of fact as to whether Warren was a householder, from the evidence before it. There being some evidence to show that he was not, the decision cannot be reversed. *House* v. *Elliott*, 6 *Ohio*, 497 ; *Foster et al.* v. *Robinson et al., id.*, 94 ; *Seney's Ohio Code*, 275.

3. A violation in fact, of the law, by the officer, can only be shown by proof. The manifest object of § 449 was to give the right to show all the facts relating to the sale, and there is no better way than by affidavit.

4. A householder is the master or chief of a family— one who has a family of his own living with him. Householder and housekeeper are convertible terms. *Webster's Dic. ; Worcester's Dic. ; Bouv. Law Dic. ;*

*Jacob's Law Dic. ; Bumll.'s Law Dic.* A person who simply owns a house is not thereby made a householder.

*By the Court,* BAILEY, J.

In this case, after the plaintiff in error had recovered judgment in the district court for Marshall county, on a note and mortgage, and the mortgaged premises had been sold by the sheriff, in satisfaction of the mortgage, the defendant 'in error resisted the confirmation of the sale, and introduced affidavits impeaching the sheriff's return, on the ground that S. H. Warren, one of the appraisers, who was stated in the return to be a disinterested householder, was not a householder, not being a married man or the head of a family.

The affidavits showed that Mr. Warren was not a married man, and had never been married, but that he was the owner of a two-story stone building in the town of Irving, in said county, one portion of which building he occupied as a store for the sale of goods, and resided in the other part with the family of a Mr. Freeland.

Upon this showing, the court held that Warren was not a householder, set aside the sale, ordered a new appraisal and sale of the land, and entered a judgment against the plaintiff for costs. The plaintiff excepted, and brings his petition in error for the reversal of the order and judgment.

Upon these facts, two questions are presented for the consideration of this court, viz :

1. Did the court err in permitting defendant below to introduce evidence contradicting the sheriff's return ? and—

2. Did the court err in holding that Warren was not a *householder ?*

The sheriff's return has been held in England, and in many, perhaps most, of the states of the Union, to be conclusive, except when it is impeached on the ground of fraud or collusion ; but in Connecticut it is held to be *prima facie* evidence only, of the facts stated therein.

In this state the provisions of the code (§ 449) in regard to sheriff's return of writ of execution, in a case of this kind, makes it the duty of the court to examine carefully all the proceedings of the officer in making the sale, and when *satisfied* that the sale has *in all respects* been made in conformity to the provisions of the statute, to order conveyance to be made.

As the law makes it the duty of the court to make careful examination of papers, until satisfied of the entire regularity and legality of the proceedings, it *would seem* proper, in a case where irregularity was complained of, to examine affidavits in regard to it, especially when the alleged irregularity did not contradict the sheriff's return, but rather to show a latent defect not inconsistent with the substantial truth of the return. But, however this may be, we are of opinion that the facts shown by affidavit in this case were not sufficient to invalidate the proceedings ; because, we think that the mere fact shown by the affidavit—that S. H. Warren was not a married man—did not disqualify him from acting as an appraiser under the statute.

The evident purpose to be subserved by the statute provision requiring appraisers to be householders, was to insure the requisite responsibility and sound judgment on the part of the appraisers, and to guard

against the injustice which might result if irresponsible persons, rather than substantial, resident citizens, were allowed to act in such a capacity. The affidavits in this case show affirmatively that Warren, although not a married man, nor the head of a family, was the owner of a good house, in which he lived; and we think he must be considered a householder within the meaning of the act in question.

Judgment reversed.

All the justices concurring.